# Yancy, et al. v. Payne.

(Decided October 11, 1927.)

## Appeal from Christian Circuit Court.

Wills.—Under will devising to P. estate for life in farm valued at $10,000, with fee in remainder to children, clause directing residue of estate to be divided in same proportion as specific devises held to show testator's intention to devise to P. estate for life in that portion of residuary estate that $10,000 bore to total amount of specific devises with fee in remainder to children.

JOHN STITES for appellee.

SELDEN Y. TRIMBLE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

This appeal is from a judgment of the Christian circuit court, rendered in a declaratory judgment proceeding, instituted for the purpose of obtaining a con-

struction of the will of John W. Yancy. More particularly the question presented by the appeal is, what estate —whether the fee or an estate for life—did Gabe A. Payne take in that portion of testator's estate devised to him by the tenth or residuary clause of testator's will. It was adjudged by the chancellor that he took the fee-simple title thereof. It is insisted by the appellants that the judgment is erroneous in that particular and that he took only an estate for life with remainder to his children. The settlement of the controversy turns upon the proper construction of the tenth clause of the will, which reads:

"After all of the bequests herein mentioned have been paid, then I direct my executor and trustee hereinafter named to divide and distribute the residue of my estate in the same proportion which I have herein bequeathed same, using as the basis the house and lot given to J. W. Sargent at twelve hundred dollars and the farm set aside for Gabe A. Payne at ten thousand dollars, except that I give an additional one thousand dollars each to Louis Payne and Mrs. Cora Dalton, in addition to his and her pro rata part, and further that no further sum shall be paid or set aside for Jennie Jessup; said executor and trustee being directed to hold all additional funds in trust on the same terms and conditions as those mentioned herein before."

The question will be much simplified if we determine first the persons to whom this testator devised the residuary portion of his estate by this clause of his will. A careful analysis of its language leads unerringly to the conclusion that testator intended that such estate as he might have left after the payment of the specific bequests theretofore made by him should be divided and distributed by his executor and trustee among the persons to whom he had made specific bequests, each of them to take the same proportion of the residuary estate that the amount devised to him specifically bore to the total amount of the specific devises, rating the house and lot given to J. W. Sargent at $1,200, and the farm set aside for Gabe A. Payne at $10,000, with three exceptions; $1,000 to each was first to be paid to Louis Payne and Mrs. Cora Dalton, while Jennie Jessup, the beneficiary of a specific bequest, was not to share in the residuary

estate. Reference to the preceding clauses of the will discloses that testator specifically bequeathed unto J. W. Sargent a house and lot valued at $1,200; to Preston Sargent and Robert Sargent, each $3,000; to Robert C. Yancy, Norena Yancy, and Ruth Yancy each the sum of $1,000; to Charlie Yancy and Mattie Lee Yancy each $2,000; to Mrs. Cora Dalton and Louise Payne each $3,000; and unto appellee, Gabe A. Payne, an estate for life, and to his children the fee in remainder in a farm located in Christian county, Ky., valued by testator at $10,000. The only other specific devise was that of $500 to Jennie Jessup, a faithful and loyal family servant. However, reference to the tenth clause of his will makes plain it was not intended by testator that she should share in the distribution of his residuary estate. Nothing to be found in the tenth clause of the will, quoted, supra, authorizes the inference or understanding that testator intended that any of the persons to whom he had made specific devises were not to share in his residuary estate, except Jennie Jessup, who, by express direction, was excluded from so doing. If we should place upon this clause of the will the construction given it by the chancellor and insisted upon by appellee here—that is, that appellee, Gabe A. Payne, takes in fee-simple title that portion of testator's residuary estate devised to him by the tenth clause of testator's will—it would be to hold that testator intended that certain of the takers of specific devises under his will, other than Jennie Jessup, should take nothing under the residuary clause; whereas, by that clause it is made perfectly clear that all the recipients of specific devises, except Jennie Jessup, should share in his residuary estate. To ascertain what portion and what estate therein the residuary devisees take in this testator's residuary estate, reference must be had to the clauses devising the specific legacies. Reference to the sixth clause of the will discloses that by it appellee, Gabe A. Payne, was devised an estate for life in a certain farm valued at $10,000 and his children were devised the fee in remainder therein. Testator expressed the wish and desire that his nephew keep this farm in the family, but provided that, in the event he and the trustee thereinafter named should think it best and advisable, the trustee should have power and authority to sell and convey it, and, in the event that should be done, that the proceeds of the sale should be held by the trustee in trust

for the benefit of Gabe A. Payne during his life, the income therefrom to be paid to him semi-annually, and at his death to go to his children. This clause of the will read in connection with the tenth clause, supra, in the light of what was there said by testator, leaves it perfectly manifest that it was intended by the tenth clause to devise unto Gabe A. Payne an estate for life in that portion of testator's residuary estate that $10,000 bears to the total amount of the specific devises made by testator to be held in trust by the trustee named in the will, the income therefrom to be paid him semi-annually, and that his children should take the fee in remainder therein. Any other construction is wholly at variance with the clearly expressed intention that the takers of specific devises were to take the residuary estate also, with the single exception of Jennie Jessup.

For the reasons indicated, the judgment of the lower court is reversed, with directions that a judgment in conformity herewith be entered.