## Union Bank & Trust Co. et al. v. Chancellor.

May 30, 1950.

Chester D. Adams, Judge.

J. Pelham Johnston, Woodward, Hobson & Fulton, and William L. Wallace for appellants.

Cabell D. Francis, Ernest G. Baxter and Frank L. McCarthy, for appellee.

JUDGE HELM—Affirming.

Ves Chancellor, a resident of Lexington, Fayette County, died January 8, 1948. By his will: (1) He directed that his debts and funeral expenses be paid; (2) he gave C. Alfred Roswell, son of his wife Emma B. Chancellor, $5,000 to be paid at testator's death; (3) he gave $1,000 to each of his business associates, Allen McDowell and Henry Snell; (4) he devised to the Woodland Christian Church, of Lexington, $5,000; (5) he devised to his brother, Thomas Embry Chancellor, of Stanford, $10,000 for life; (6) he gave to his brother, William Chancellor, of Stanford, $100; (7) he gave to his brother Joseph Chancellor, of Lincoln County, $5,000; (8) he gave to his sister, Anna Chancellor Hawkins, of Charlottsville, Virginia, $10,000; (9) he gave to his sister, Lucy Chancellor Pruitt, of Millersburg, $10,000; (10) he gave to James Williams, son of his deceased sister Ophilia Williams, $2,000; (11) he gave to his brother, George Chancellor, of Chicago, Ill., $5,000; (12) he gave to Lula M. Baker Elkins, his sister-in-law, $1,500; (13) he gave to Minnie York, "faithful house servant," $500; (14) he devised to his wife, Emma B. Chancellor, his home and his interest in the Farmers Tobacco Warehouse Company of Lexington, in trust; (15) he provided that at the death of his wife the property held in trust under Clause 14 be paid to C. Alford Roswell, her son; (16) he devised to appellants, James Ves Chancellor, Ansil Lee Chancellor, Anna Pearl Chancellor, Elsie Reed Chancellor, children of appellee Thomas Embry Chancellor, and Sue Myers, daughter of Myron and Etta Myers, a one-half interest "in and to the oil, gas, coal and other minerals" in 204 acres of land in Union County; (17) he devised the other one-half interest in the above oil, gas, coal and other minerals to the Convalescent Home of Fayette County Committee of the Kentucky Society for Crippled Children; (18) he provided for the distribution of the residue of his estate; (19) he appointed appellant, Union Bank and Trust Company, executor and trustee.

Clause 5 of the will provided: "I devise and bequeath to my brother, Thomas Embry Chancellor, of Stanford, Kentucky, the sum of Ten Thousand Dollars ($10,000.00) in trust during his life, to be invested by the hereinafter named trustee in sufficient farm lands

or securities, with remainder over upon the death of said Thomas Embry Chancellor to his four children, James Ves Chancellor, Ansil Lee Chancellor, Anna Pearl Chancellor and Elsie Reed Chancellor, and Sue Myers, daughter of Myron and Etta Myers, share and share alike. In the event that any of said infant children of said Thomas Embry Chancellor or Sue Myers shall not upon his death have arrived at the age of twenty-one, the share of such infant who has not arrived at the age of twenty-one shall be held for him or her in trust by said trustee until such infant child shall arrive at the age of majority.''

Clause 18 of his will provided: ''All the residue of my estate, both real and personal, and wheresoever situated, after the payment of my debts and funeral expenses and of all of aforesaid bequests and the establishment of aforesaid trust, and after the payment of the expenses of administration of my estate, I devise and bequeath to my brothers and sisters hereinabove named, in direct proportion and ratio to the amounts hereinabove devised to them; and in the event any of said brothers and sisters shall be dead at the time of my death without leaving issue, the share of such residue allotted to such deceased brother or sister shall go to the issue of such deceased brother or sister in direct proportion and ratio to the respective amounts hereinabove devised to said brothers and sisters.''

The question presented here is whether the appellants James Ves Chancellor, Ansil Lee Chancellor, Anna Pearl Chancellor, Elsie Reed Chancellor, and Lorena Sue Myers ''are given the remainder interest in the residuary estate'' provided by Section 18 of Ves Chancellor's will. It is contended by the appellants that they were given such remainder interest. It is the contention of appellee, Thomas Embry Chancellor, that he was given the residuary estate outright. The Chancellor so held.

The above appellents, in their brief, say: ''This brief is directed solely to the question of the interest taken under this will by these appellants.'' Appellant, Union Bank and Trust Company, in a short brief says: ''This appellant now joins with its co-appellants in their brief.'' In the above Section 18 of the will the testator used the words: ''I devise and bequeath to my brothers and sisters hereinabove named in direct proportion and

ratio to the amounts hereinabove devised to them.'' It is further provided that if any of the brothers and sisters shall be dead at the time of the testator's death leaving issue (the word ''without'' is clearly a typographical error), the share of such brother or sister shall go to the issue of such brother or sister in direct proportion and ratio to the amounts ''hereinabove devised to said brothers and sisters.''

Appellants say: ''By twice using the words 'in direct proportion and ratio,' testator showed in this Section 18 of his will his clear intention to provide that the residuary estate should go in the same proportionate quantity and in the same quality of estate. * * * In other words, proportion refers to quantity and ratio refers to quality. * * * Or to state it differently, the estate was to go in directly proportionate amount and in the same quality of estate as given in Section 5.'' We have examined the definitions of the words ''proportion'' and ''ratio'' in Webster's New International, Funk & Wagnalls New Standard, and the Oxford English dictionaries. We find that proportion and ratio both refer to quantity, and that neither refers to quality. These words are practically synonymous.

Appellants rely upon the case of Yancy v. Payne, 221 Ky. 335, 298 S. W. 940. In that case we quoted the 10th clause of Mr. Yancy's will as follows: ''After all of the bequests herein mentioned have been paid, then I direct my executor and trustee hereinafter named to divide and distribute the residue of my estate in the same proportion which I have herein bequeathed same, using as a basis the house and lot given to J. W. Sargent at twelve hundred dollars and the farm set aside for Gabe A. Payne at ten thousand dollars, except that I give an additional one thousand dollars each to Louis Payne and Mrs. Cora Dalton, in addition to his and her pro rata part, and further that no further sum shall be paid or set aside for Jennie Jessup; said executor and trustee being directed to hold all additional funds in trust on the same terms and conditions as those mentioned herein before.''

It is to be noted that Yancy used the words ''to hold all additional funds in trust on the same terms and conditions as those mentioned herein before.'' In the present case Mr. Chancellor used the words ''in direct proportion and ratio,'' but he did not use the words ''on the

same terms and conditions'' or similar words. Appellants, in effect, maintain that the word "ratio" means quality, and that by implication some such words as "on the same terms and conditions" should be read after the word "amounts" in the 18th clause of testator's will. But with this argument we are unable to agree.

Appellee cites Emmons v. Atchison, 13 Ky. Law Rep. 142. Appellants maintain that case has been overruled, but they do not tell us how or where. Presumably they feel that it has been overruled by the Yancy v. Payne case. In the Emmons v. Atchison case a testator, by the tenth clause of his will, devised $500 to his brother J., but provided that J. was only to receive the interest during his life. The testator appointed his nephew as trustee of the fund, and provided that upon the death of J. the $500 should be paid to J's grandchildren. After making other devises, the testator provided by the fourteenth clause of his will that all the balance of his estate not disposed of "shall be divided pro rata among all the devisees named in this my last will." It was held that the amount due J. under the fourteenth clause of the will belonged to him absolutely, and that he was entitled to its immediate possession and that under it the grandchildren of J. took nothing. The words "pro rata" *there* are similar in meaning to the words "proportion" and "ratio" used in the will under consideration.

We believe the Chancellor reached the correct conclusion. The judgment is affirmed.